UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS R. HOPKINS,

                Plaintiff,

    v.

JEFF PLANICH, et al.,

               Defendants.

No. C09-5405 FDB/KLS

ORDER TO AMEND OR SHOW CAUSE

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff Dennis R. Hopkins is presently confined at Western State Hospital (WSH).

Presently before this Court for review is Mr. Hopkins' complaint in which he asserts claims against Jeff Planich, Jeff Vacura and Comprehensive Mental Health. Dkt. 1. Mr. Hopkins alleges that Defendants Planich and Vacura, employees of Comprehensive Mental Health, violated his Fourth and Eighth Amendment rights when they accepted and/or tendered false testimony regarding Mr. Hopkins' physical disability and/or mental illness, resulting in his

ORDER TO AMEND OR SHOW CAUSE - 1

involuntary placement at Western State Hospital on October 13, 2008. *Id*., pp. 3-4. This is Mr. Hopkins' second attempt at bring a § 1983 claim regarding his involuntary placement at Western State. In C09-5105RJB, Mr. Hopkins filed a complaint nearly identical to the one filed in this case, in which he purported to sue the state, a county, a judge, prosecutor, and his attorney. That complaint was dismissed without prejudice for failure to state a claim. *See* C09-5105RJB and Dkt. 10 therein.

## I. DISCUSSION

The Court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim" upon which relief may be granted. *Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure, s 1357 at 593 (1969)); see also *Sparling v. Hoffman Construction Co. Inc*., 864 F.2d 635, 638 (9th Cir. 1988); *Omar v. Sea-Land Service, Inc*., 813 F.2d 986, 991 (9th Cir. 1987) (court may sua sponte invoke Fed. R. Civ. P. 12(b)(6) to dismiss deficient complaint); *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979).

The Court must give a plaintiff both "notice of its intention to dismiss" and "some opportunity to respond," however, unless plaintiff "cannot possibly win relief." *Sparling*, 864 F.2d at 638 (quoting *Wong*, 642 F.2d at 362)). Accordingly, while the Court finds that dismissal of Mr. Hopkins' complaint under Fed. R. Civ. P. 12(b)(6) is proper for the reasons set forth below, the Court is issuing this order to show cause in order to give Mr. Hopkins an opportunity to file a response.

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

ORDER TO AMEND OR SHOW CAUSE - 2

indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See *Bell Atlantic, Corp. v. Twombly*, 540 U.S. 544, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

Plaintiff also must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on

ORDER TO AMEND OR SHOW CAUSE - 3

the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n. 58 (1978). A theory of respondeat superior is not sufficient to state a section 1983 claim. *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982).

The named defendants include Jeff Planich, a "mental health supervisor at CMH", Jeff Vacura "BA", and Comprehensive Mental Health. Dkt. 1, pp. 1-3. While his allegations are lengthy and somewhat unclear, it appears that Mr. Hopkins is alleging that Jeff Planich and Jeff Vacura gave false testimony at his civil commitment hearing and that as a consequence of this false testimony, the Plaintiff was deprived of his rights under the Fourth and Eighth Amendments to the United States Constitution. Dkt. 1, pp. 3-4.

Mr. Hopkins seeks $10,785,489.00 in compensatory damages and $2,645,345.00 in punitive damages. *Id*., p. 6.

Mr. Hopkins is advised that he his allegations against Comprehensive Mental Health and its employees, whom he identifies as Jeff Planich and Jeff Vacura, fail for the following reasons.

Mr. Hopkins alleges that his involuntary commitment constitutes a violation of his rights under the Fourth and Fourteenth Amendments. To state a cause of action under § 1983, Mr. Hopkins must allege that (1) the named Defendants deprived him of a right secured by the Constitution or laws of the United States and (2) that, in doing so, the Defendants acted under color of state law. See *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156-57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). As to the first requirement, it has been established that involuntary confinement-or civil commitment-constitutes a significant deprivation of liberty requiring due process protection. See *Addington v. Texas*, 441 U.S. 418, 425, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979). The critical issue here, however, is not whether Mr. Hopkins has a liberty interest in being free from unwarranted confinement, but whether Mr. Hopkins has sufficiently included

ORDER TO AMEND OR SHOW CAUSE - 4

allegations in his complaint such that the actions of a private mental health clinic, Comprehensive Mental Health, and its employees, Jeff Planich and Jeff Vacura, could be considered the actions of the State for purposes of liability under 42 U.S.C. § 1983.

As discussed by the Ninth Circuit:

> Conduct that is actionable under the Fourteenth Amendment as State action is also action under color of State law supporting a suit under § 1983. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). "[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.' " *Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n.*, 531 U.S. 288, 295, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001) (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974)).
>
> * * *
>
> "[No] one fact can function as a necessary condition across the board ... nor is any set of circumstances absolutely sufficient, for there may be some countervailing reason...." *Brentwood,* 531 U.S. at 295-96, 121 S.Ct. 924, 148 L.Ed.2d 807. Because of the fact-intensive nature of the inquiry, courts have developed a variety of approaches to the State actor issue. See *id.* at 296, 531 U.S. 288, 121 S.Ct. 924, 148 L.Ed.2d 807 (listing seven approaches to the issue including the coercion test, the joint action test, the public function test, and the entwinement test).

*Lee v. Katz*, 276 F.3d 550, 554 (9th Cir.2002).

The 'public function test' examines whether the private entity performs a function which is 'exclusively reserved to the State.' *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 158 (1978). Under the 'state compulsion test,' a private actor's conduct is attributable to the State when it exerts coercive power over the private entity or provides significant encouragement. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 170-71 (1970). The 'nexus' or 'state action test' considers whether the State has inserted 'itself into a position of interdependence with the [private actor, such] that it was a joint participant in the enterprise. *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 357-58 (1974); see also *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). And, under

ORDER TO AMEND OR SHOW CAUSE - 5

the 'joint action test,' private actors will be considered state actors where they are 'willful participant[s] in joint action with the State or its agents.' *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

In *Jensen v. Lane County*, 222 F.3d 570, 574 (9th Cir.2000), a private psychiatrist, who was affiliated with a private group called Psychiatric Associates, was consulted by a mental health specialist employed by the county. As a result of his review of police and other reports obtained from the county, the psychiatrist signed a detention order which resulted in the plaintiff's five day detention in the county psychiatric hospital. *Id*. at 573. The plaintiff's detention was continued based on these reports and a later exam by the psychiatrist. *Id*. The court found that the private psychiatrist was a state actor, not due to detailed regulation of the psychiatrist or substantial funding, but because the psychiatrist and the county had:

> "[U]ndertaken a complex and deeply intertwined process of evaluating and detaining individuals who are believed to be mentally ill and a danger to themselves or others. County employees initiate the evaluation process, there is significant consultation with and among the various mental health professionals.., and [Psychiatric Associates] helps to develop and maintain the mental health policies of [the county hospital.]"

*Id*. at 575.

In the *Jensen* case, the court found that the state had so insinuated itself into the process that there was a close nexus between it and the defendant private psychiatrist such that his actions were treated as those of the State. *Id*.

In his complaint, Mr. Hopkins names Comprehensive Health as a Defendant but alleges no facts as to its conduct. In addition, he alleges no facts showing that there was a sufficiently close nexus between the State and the actions of Comprehensive Health, Jeff Planich and/or Jeff Vacura such that their actions may be fairly treated as that of the State itself. See, e.g., *Jackson*, 419 U.S. at 350. Due to the deficiencies described above, the Court finds that dismissal of Mr.

ORDER TO AMEND OR SHOW CAUSE - 6

Hopkins' complaint is proper.  However, Mr. Hopkins will be given an opportunity to file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **August 28, 2009**.  Mr. Hopkins' amended complaint shall consist of a short and plain statement showing that he is entitled to relief.  Mr. Hopkins shall allege with specificity the following:

(1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2) the dates on which the conduct of each Defendant allegedly took place; and

(3) the specific conduct or action Mr. Hopkins alleges is unconstitutional.

Mr. Hopkins shall set forth his factual allegations in separately numbered paragraphs.  The amended complaint shall operate as a complete substitute for (rather than a mere supplement to) the present complaint.  Mr. Hopkins shall present his complaint on the form provided by the Court.  The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "First Amended Complaint" and Cause Number C09-5405FDB/KLS must be written in the caption.

Mr. Hopkins is cautioned that if an amended complaint is not timely filed or if Mr. Hopkins fails to adequately address the issues raised herein on or before **August 28, 2009**, the Court will recommend dismissal of this action.  Once the Court has determined that Mr. Hopkins has filed an acceptable amended complaint, it will notify Mr. Hopkins that he may proceed with service of his amended complaint on the named defendants.

The Clerk is directed to send Mr. Hopkins the appropriate forms so that he may file an amended complaint. The Clerk is further directed to send a copy of this Order, a copy of the General Order.

Dated this 5th day of August, 2009.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE - 8