UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS R. HOPKINS,

                      Plaintiff,

v.

JEFF PLANICH, *et al.*,

                      Defendants.

No. C09-5405 FDB/KLS

**REPORT AND RECOMMENDATION
NOTED FOR: November 6, 2009**

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. The Court ordered Plaintiff Dennis R. Hopkins to file an amended complaint or show cause explaining why this matter should not be dismissed for failure to state a claim 42 U.S.C. § 1983. Dkt. 10. Mr. Hopkins filed an Amended Complaint (Dkt. 11), but that amendment suffers from the same deficiencies as his original complaint. The undersigned concludes that further amendment would be futile and recommends that this action be dismissed without prejudice and that the dismissal count as a strike pursuant to 28 U.S.C. § 1915 (g) for failure to state a claim.

## I. BACKGROUND

On August 6, 2009, Mr. Hopkins was granted leave to proceed *in forma pauperis* (Dkt. 8) and the Clerk filed his Complaint. Dkt. 9. In his original complaint, Mr. Hopkins named Jeff

REPORT AND RECOMMENDATION - 1

Planich, Jeff Vacura and Comprehensive Mental Health as defendants. *Id*. Mr. Hopkins alleged that Defendants Planich and Vacura, employees of Comprehensive Mental Health, violated his Fourth and Eighth Amendment rights when they accepted and/or tendered false testimony regarding Mr. Hopkins' physical disability and/or mental illness, resulting in his involuntary placement at Western State Hospital on October 13, 2008. *Id*., pp. 3-4.[1]

On August 6, 2009, the Court advised Mr. Hopkins that his allegations against Comprehensive Mental Health and its employees, whom he identifies as Jeff Planich and Jeff Vacura, fail because he has not sufficiently included allegations in his complaint such that the actions of a private mental health clinic, Comprehensive Mental Health and its employees, Jeff Planich and Jeff Vacura, could be considered the actions of the State for purposes of liability under 42 U.S.C. § 1983. Dkt. 10, pp. 4-5.

On August 19, 2009, Mr. Hopkins filed his First Amended Complaint. Dkt. 11. He has named as defendants, "Jeff Planich, et al., Jeff Vacura, B.A., et al. and Comprehensive Mental Health, et al. *Id*. In his First Amended Complaint, Mr. Hopkins asserts the same allegations against these defendants as he did in his original complaint. Dkt. 11, pp. 1-5. He includes no allegations such that the court may conclude that these defendants are state actors for purposes of liability under 42 U.S.C. § 1983.

## II. DISCUSSION

A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma*

---

[1] This filing is Mr. Hopkins' second attempt at bring a § 1983 claim regarding his involuntary placement at Western State. In C09-5105RJB, Mr. Hopkins filed a complaint nearly identical to the one filed in this case, in which he purported to sue the state, a county, a judge, prosecutor, and his attorney. That complaint was dismissed without prejudice for failure to state a claim. *See* C09-5105RJB and Dkt. 10 therein.

REPORT AND RECOMMENDATION - 2

*pauperis* complaint before service of process under 28 US.C. § 1915(d). *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Franklin v. Murphy*, 745 F.2d 1221, 1227 (9th Cir. 1984)). The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Unless it is absolutely clear that amendment would be futile, however, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll*, 809 F.2d at 1448.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (*quoting Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

A plaintiff must also allege facts showing how each individually named defendant caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social*

REPORT AND RECOMMENDATION - 3

*Services*, 436 U.S. 658, 694 n. 58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

Mr. Hopkins alleges that his involuntary commitment constitutes a violation of his rights under the Fourth and Fourteenth Amendments. To state a cause of action under § 1983, Mr. Hopkins must allege that (1) the named Defendants deprived him of a right secured by the Constitution or laws of the United States and (2) that, in doing so, the Defendants acted under color of state law. See *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156-57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). As to the first requirement, it has been established that involuntary confinement-or civil commitment-constitutes a significant deprivation of liberty requiring due process protection. See *Addington v. Texas*, 441 U.S. 418, 425, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979). The critical issue here, however, is not whether Mr. Hopkins has a liberty interest in being free from unwarranted confinement, but whether Mr. Hopkins has sufficiently included allegations in his complaint such that the actions of a private mental health clinic, Comprehensive Mental Health, and its employees, Jeff Planich and Jeff Vacura, could be considered the actions of the State for purposes of liability under 42 U.S.C. § 1983.

As discussed by the Ninth Circuit:

> Conduct that is actionable under the Fourteenth Amendment as State action is also action under color of State law supporting a suit under § 1983. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). "[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n.*, 531 U.S. 288, 295, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001) (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974)).
>
> * * *
>
> "[No] one fact can function as a necessary condition across the board ... nor is any set of circumstances absolutely sufficient, for there may be some countervailing

REPORT AND RECOMMENDATION - 4

> reason...." *Brentwood,* 531 U.S. at 295-96, 121 S.Ct. 924, 148 L.Ed.2d 807. Because of the fact-intensive nature of the inquiry, courts have developed a variety of approaches to the State actor issue. See *id.* at 296, 531 U.S. 288, 121 S.Ct. 924, 148 L.Ed.2d 807 (listing seven approaches to the issue including the coercion test, the joint action test, the public function test, and the entwinement test).

*Lee v. Katz*, 276 F.3d 550, 554 (9th Cir.2002).

The 'public function test' examines whether the private entity performs a function which is 'exclusively reserved to the State.' *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 158 (1978). Under the 'state compulsion test,' a private actor's conduct is attributable to the State when it exerts coercive power over the private entity or provides significant encouragement. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 170-71 (1970). The 'nexus' or 'state action test' considers whether the State has inserted 'itself into a position of interdependence with the [private actor, such] that it was a joint participant in the enterprise. *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 357-58 (1974); see also *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). And, under the 'joint action test,' private actors will be considered state actors where they are 'willful participant[s] in joint action with the State or its agents.' *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

In *Jensen v. Lane County*, 222 F.3d 570, 574 (9th Cir.2000), a private psychiatrist, who was affiliated with a private group called Psychiatric Associates, was consulted by a mental health specialist employed by the county. As a result of his review of police and other reports obtained from the county, the psychiatrist signed a detention order which resulted in the plaintiff's five day detention in the county psychiatric hospital. *Id.* at 573. The plaintiff's detention was continued based on these reports and a later exam by the psychiatrist. *Id*. The court found that the private psychiatrist was a state actor, not due to detailed regulation of the psychiatrist or substantial funding, but because the psychiatrist and the county had:

REPORT AND RECOMMENDATION - 5

> "[U]ndertaken a complex and deeply intertwined process of evaluating and
> detaining individuals who are believed to be mentally ill and a danger to
> themselves or others. County employees initiate the evaluation process, there is
> significant consultation with and among the various mental health professionals..,
> and [Psychiatric Associates] helps to develop and maintain the mental health
> policies of [the county hospital.]"

*Id*. at 575.

In the *Jensen* case, the court found that the state had so insinuated itself into the process that there was a close nexus between it and the defendant private psychiatrist such that his actions were treated as those of the State. *Id*.

In his complaint, Mr. Hopkins alleges no facts showing that there was a sufficiently close nexus between the State and the actions of Comprehensive Health, Jeff Planich and/or Jeff Vacura such that their actions may be fairly treated as that of the State itself. See, e.g., *Jackson*, 419 U.S. at 350.

Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See *Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163 (1993). Plaintiff has not alleged any facts indicating that the named defendants are state actors. Therefore, Plaintiff has failed to state any valid Section 1983 claims against Defendants Planich, Vacura and Comprehensive Mental Health.

## III.  CONCLUSION

Mr. Hopkins was carefully instructed as to the elements of a Section 1983 action and was given ample opportunity to amended his complaint to correct its deficiencies.  Construing his amended pleading in the light most favorable to him and resolving all doubts in his favor, it is clear that has failed to state a claim upon which relief can be granted and that further amendment would be futile.

REPORT AND RECOMMENDATION - 6

Plaintiff has failed to state a claim as a matter of law under 42 U.S.C. § 1983. The action should be **dismissed without prejudice, and the dismissal counted as a strike pursuant to 28 U.S.C. 1915 (g).** Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **November 6, 2009,** as noted in the caption.

DATED this 9th day of October, 2009.

Karen L. Strombom
United States Magistrate Judge